# UNITED STATES DISTRICT COURT
for the
District of Alaska

| | | |
|---|---|---|
| United States of America<br>v.<br>KYONG TAEK SONG<br><br>_____<br>*Defendant(s)* | )<br>)<br>)<br>)<br>)<br>) | Case No. 3:14-mj-350-KFM |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of ____SEP 26, 2014____ in the county of _____ in the _____ District of ____ALASKA____, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. § 841(a)(1) and (b)(1)(B) | Distribution of 50 grams or more of a mixture and substance containing methamphetamine. |

This criminal complaint is based on these facts:
See attached affidavit

☑ Continued on the attached sheet.

Signature Redacted

_____
*Complainant's signature*

Benjamin Hallowell, Special Agent, Federal Bureauf
*Printed name and title*

Sworn to before me and signed in my presence.

Signature Redacted

Date: 11/19/2014

_____
*Judge's signature*

City and state: Anchorage, Alaska

Kevin F. McCoy, U.S. Magistrate Judge
*Printed name and title*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ALASKA

AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT     NO: 3:14-mj-350-KFM

Affidavit of FBI Special Agent Benjamin C. Hallowell

<u>INVESTIGATION & PROBABLE CAUSE</u>

1.     United States law enforcement agencies, including the FBI, are investigating drug trafficking, which is a federal criminal offense. The investigation concerns possible violations by unknown individuals of, inter alia, 21 U.S.C. § 841(a)(1), distribution, and possession with intent to distribute, methamphetamine.

2.     On September 26, 2014 at approximately 9:00 pm, your affiant and another Anchorage FBI SA directed a confidential human source ("CHS") to place recorded phone calls to KYONG TAEK SONG, ("SONG"). The recorded calls confirmed that SONG and another individual - SUK JOON LEE ("JOON") - wanted the CHS to meet them that night at the Paradise Inn in Anchorage. SONG is the owner/operator of the Paradise Inn.

3.     The CHS was given an audio/video recorder and an audio transmitter by investigating agents. At approximately 11:10 pm, the CHS arrived at the Paradise Inn located at 3001 Spenard Road, Anchorage Alaska 99503. The CHS proceeded to the basement where he met with SUK JOON LEE ("JOON"). The CHS told JOON that CHS had money and wanted to buy a pound of methamphetamine, a controlled substance. Eventually KYONG TAEK SONG (the owner and operator of the Paradise Inn) joined JOON and CHS. Both SONG and JOON yelled at CHS for making them wait so long to conduct the transaction. JOON left the room and three minutes later returned with the drugs. The CHS gave JOON and SONG money to pay for the drugs and both SONG and JOON counted the money. The CHS received a plastic ziplock

baggie with a white crystalline substance inside. The ziplock baggie was inside a Crown Royal whiskey cloth bag. During all of the events described above your affiant listened to the live transmission of the audio from the audio transmitter the CHS possessed. Occasionally the audio transmission was garbled, however, the CHS also obtained recorded audio and video of the transaction at the Paradise Inn and I have reviewed that recording.

4. At approximately 11:40 pm, the CHS drove away from the Paradise Inn. The CHS turned over the purchased drugs to agents, and agents field tested the drugs which tested positive for methamphetamine. Agents weighed the drugs and discovered that CHS had obtained approximately 11.59 oz. of methamphetamine. The CHS had told SONG and JOON multiple times CHS wanted to purchase a pound of methamphetamine (16 oz.), and had paid them an agreed amount of money for a pound. The CHS told agents that SONG and JOON must have "shorted" CHS.

5. Agents instructed CHS to return to the Paradise Inn and confront SONG and JOON about being shorted four oz. of methamphetamine in the drug deal. Once again CHS was given an audio/video recorder and an audio transmitter by agents. The CHS arrived at the Paradise Inn at approximately 2:07 am. The CHS located SONG and JOON and they all returned to the basement of the Paradise Inn. The CHS told SONG and JOON that they had shorted him four oz. of methamphetamine, and, after some further discussion, the CHS obtained two small plastic ziplock baggies with a white crystalline substance inside. During all of the events described above your affiant listened to the live transmission of the audio from the audio transmitter. Occasionally the audio transmission was garbled, however, once again the CHS obtained recorded audio and video of this conversation and I have reviewed that recording as well.

2

6. The CHS departed the Paradise Inn with the additional drugs, met with Agents, and turned over the drugs to agents. Agents field tested the drugs and they tested positive for methamphetamine. Each baggie contained approximately One (1) oz. of methamphetamine.

Signature Redacted

Benjamin C. Hallowell, Special Agent
FBI

Subscribed and sworn to or affirmed before me
On this 19th day of November, 2014

Signature Redacted

KEVIN F. McCOY
UNITED STATES MAGISTRATE JUDGE