LAW OFFICE OF DATTAN SCOTT DATTAN
Brian D. Heady
2600 Denali Street, Suite 460
Anchorage, AK  99503
Phone:  (907)276-8008
Fax:  (907)278-8571
E-mail:  bheady@dattanlaw.com
Attorney for Bernadette Wilson, d/b/a Denali Disposal, Inc.

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,               )<br>                                                        )<br>                        Plaintiff,           )<br>                                                        )<br>vs.                                                     )<br>                                                        )<br>SUK JOON LEE, and,                        )<br>KYONG TAEK SONG,                       )<br>                                                        )<br>                        Defendants.        )<br>_____ ) | **OPPOSITION TO ANCILLARY**<br>**MOTION FOR ISSUANCE OF**<br>**SEIZURE WARRANT**<br><br><br>Case No. 3:14-cr-00107-RRB |

        Bernadette Wilson, d/b/a Denali Disposal, Inc., by and through her attorney

Brian. Heady,  hereby submits her Opposition to the Ancillary Motion for Issuance of Seizure

Warrant.

        Ms. Wilson does not dispute that the Court issued a Final Order of Forfeiture

regarding the Paradise Inn.  Additionally, Ms. Wilson does not dispute that Denali Disposal, Inc,

was hired by the United States Marshals to clean the Paradise Inn prior to its liquidation.

The entirety of the dispute revolves around whether the United States Marshals authorized

Ms. Wilson to dispose of a neon Palm Tree and, if not, whether issuance of the Seizure Warrant

is appropriate.

USA v. SUK JOON LEE and KYONG TAEK SONG; Case No. 3:14-CR-00107RRB
Opposition to Ancillary Motion for Issuance of Warrant
Page 1 of 5

Prior to removing the Palm Tree from the Paradise Inn property, an employee of the United States Marshals (employee), walked Ms. Wilson throughout the interior and exterior of property.    As part of the process, the employee pointed out numerous objects to Ms. Wilson, within the interior of the Paradise Inn that were to be removed and discarded by Denali Disposal, Inc.  Ms. Wilson took pictures of these items so that there would be no mistake as to what should be discarded.  (Ex. A)   In addition to pointing out items on the interior of the Paradise Inn the employee also pointed out items outside of the property that were to be removed and discarded by Denali Disposal, Inc.  Again, Ms. Wilson took pictures of these items so that there would be no mistake as to what should be discarded.  (Ex. B)  The outside items include the subject Palm Tree.  The Palm Tree, like the items inside the Paradise Inn, is non-functioning; the neon sign is in disrepair and has not been illuminated for quite some time.

The employee, in front of both Ms. Wilson and another witness, specifically identified the Palm Tree and the Paradise Inn sign.  The employee specifically stated that Ms. Wilson *should not* remove the Paradise Inn sign.  Ms. Wilson was told that the Palm Tree could be removed because it had no identifying mark.

Ms. Wilson notified the employee of the progress with removing the Palm Tree through the course of several text messages.  (Ex. C)  At no time did the employee suggest that Denali Disposal Inc., should leave the Palm Tree behind or remove it and hold it for the U.S. Marshals.  In fact, based on the employee's responses to the text messages, it was clear that he was pleased that the Palm Tree had been cleared away from the site.

According to the U.S. Marshals Service website, located at https://www.usmarshals.gov/assets/, the Marshals Service is a participant in the Department of

USA v. SUK JOON LEE and KYONG TAEK SONG; Case No. 3:14-CR-00107RRB
Opposition to Ancillary Motion for Issuance of Warrant
Page 2 of 5

Justice Assets Forfeiture Program. The website notes the following: "[t]he U.S. Marshals Service plays a critical role in identifying and evaluating assets that represent the proceeds of crime as well as efficiently managing and selling assets seized and forfeited by DOJ." The website further notes that "[t]he Marshals Service manages a wide array of assets, including real estate, commercial businesses, cash, financial instruments, vehicles, jewelry, art, antiques, collectibles, vessels and aircraft." Finally, the website states that "[t]he agency employs best practices from private industry to ensure that assets are managed and sold in an efficient and cost-effective manner."

Based on the website description, the Marshals Service is tasked with "identifying and evaluating" assets, and efficiently managing and selling those assets which have been seized and forfeited by DOJ. Authority has been delegated to the Marshals Service to perform these duties. Here, the Marshals Service exercised its proper authority by permitting the disposal of certain items inside and outside the Paradise Inn, including and specifically, the subject Palm Tree.

In *U.S. v. McInnis*, 346 F.Supp.2d 210 (D.Me. 2004), the court found that a deputy U.S. Marshal had no authority, express or implied, to make an enforceable promise of immunity, nor could that alleged promise preclude revocation. In that case, the deputy marshal allegedly promised the defendant, who was on supervised release, that he would not be prosecuted if he disclosed the whereabouts of contraband; there was no showing that prosecutor or probation officer had given the marshal any basis to believe he had such authority.

This case is distinguishable from *McInnis* because, here, the Marshals Service had the authority to "manage" the items at the Paradise Inn, whether it was to sell those items or

USA v. SUK JOON LEE and KYONG TAEK SONG; Case No. 3:14-CR-00107RRB
Opposition to Ancillary Motion for Issuance of Warrant
Page 3 of 5

Case 3:14-cr-00107-RRB   Document 225   Filed 02/05/18   Page 3 of 5

place them in the dumpster. Ms. Wilson was instructed by the Marshals Service to dispose of various items on the premises. At that point, Ms. Wilson was given control over those items, including the Palm Tree, to do with as she saw fit.

It makes little sense to suggest that the employee had authority to tell Ms. Wilson that Denali Disposal was to remove for disposal all of the items *inside* the Paradise Inn but somehow did not have the authority to instruct her to dispose of the Palm Tree. In fact, neither the employee nor anyone from the U.S. Marshal's office suggested that there were any problems for a full two weeks. The day after the Palm Tree was removed, a picture of the Palm Tree appeared in the Alaska Dispatch News. Thirteen days passed from the removal of the Palm Tree before United States Attorneys office, and not the U.S. Marshal's office, called Ms. Wilson to inquire about the Palm Tree. During this time period the employee of the U.S. Marshal's office continued to assure Ms. Wilson that there were no problems.

Respectfully, this seems to be a case of "sour grapes." The employee had authority to direct Ms. Wilson to dispose of hundreds of items, including the Palm Tree. Ms. Wilson and Denali Disposal, Inc. did exactly as they were instructed. Unfortunately for the government, there is no authority that permits the U.S. Marshal to renege on its instructions to Ms. Wilson and repossess property that rightfully belongs to Denali Disposal, Inc.

The government, in its motion, states that Ms. Wilson promised to "work with" them. Ms. Wilson did state she would work with the government, but refutes the implication that she agreed to return the tree. Ms. Wilson began receiving calls from blocked numbers, which later turned out to be from an Assistant United States Attorney. During the entire time period, Ms. Wilson was in communication with the U.S. Marshal's office. She ceased this

USA v. SUK JOON LEE and KYONG TAEK SONG; Case No. 3:14-CR-00107RRB
Opposition to Ancillary Motion for Issuance of Warrant
Page 4 of 5

communication once she retained counsel.

The Motion for Issuance of a Seizure Warrant should be Denied.

Dated this 5th day of February, 2018 at Anchorage, Alaska.

s/Brian D. Heady
Attorney for Bernadette Wilson
dba Denali Disposal, Inc.
E-mail:  bheady@dattanlaw.com
Alaska Bar No. 0709051

**CERTIFICATE OF SERVICE**
I hereby certify that on February 5, 2018, a copy of the foregoing
was served electronically on

Kelly Cavanaugh, AUSA

s/ Brian D. Heady

USA v. SUK JOON LEE and KYONG TAEK SONG; Case No. 3:14-CR-00107RRB
Opposition to Ancillary Motion for Issuance of Warrant
Page 5 of 5

Case 3:14-cr-00107-RRB   Document 225   Filed 02/05/18   Page 5 of 5